BOUTALL, Judge.
This is a tort suit for damages against the executive officers of the corporate employer, arising out of the same accident for which workman’s compensation benefits were sought in case #9388, 360 So.2d 611. These two cases were consolidated for trial, and plaintiff’s tort claims were dismissed, resulting in this appeal.
James Battiste was employed as a cleanup man at the food processing plant of L. A. Frey & Sons, Inc. On November 26, 1974 he was attempting to clean out some clogged drainage pipes, one of the duties he had been assigned. In attempting this operation, he obtained a quantity of a highly alkaline industrial product called “Oakite Rustripper”, in powder form, poured it into the drain, and then with a hose attempted to force hot water under pressure into the drain, causing the solution to spray back into his face and eyes, causing the injuries complained of. He contends that the executive officers of his employer, Charles and Louis Frey were negligent in providing this material to be used to unclog the drains, failure to provide him with the proper safeguards for handling such a material, and failing to instruct him in the proper use of the material.
The evidence in this case presented by plaintiff and defendants conflicts in a number of critical instances, and it is apparent that the credibility of the witnesses is the major factor in the trial judge’s determination of judgment in favor of defendants. The plaintiff testified that he was told to use Oakite Rustripper in cleaning out the drains by Louis Frey and by other supervisors, that he was never told that it was a highly dangerous product, nor given any instructions how to use it properly; that safety goggles or other safety measures were not available for his use, and that the product was kept readily available along with other cleaning solutions. Plaintiff produces the testimony of several fellow workers, related to him, in support of these contentions. Opposed to this, Louis Frey testified that this product was not to be used by plaintiff in his duties, but was used only for a specific operation in which plaintiff was not involved; that he had noticed plaintiff using this product on a prior occasion, and had stopped him from using it, warning him that he would be fired if he used it again, and had several other supervisors follow up his warning; that the product is kept separate from the other cleaning materials, and could only be obtained by someone who purposely sought it out, and that there were goggles and other safety equipment available, together with signs warning personnel about the dangers of using caustic materials. He is supported generally by the testimony of other supervisory personnel, each of whom testified that he had told plaintiff on a prior occasion never to again use the Rustripper.
The trial judge obviously believed the testimony of the defendants and disbelieved the testimony of the plaintiff and we agree. The pictures and other objective evidence supports the defendants’ position. It is quite clear that this product was kept in a shed not generally available to personnel except those who had a particular purpose to use it, and that there were adequate signs, etc., to warn even an incautious individual. We find no negligence on the part of defendants. Rather, we conclude that plaintiff sought to use this product despite *615 the warnings previously given him, because it is apparently such a very strong cleanser that it would make his job of cleaning the drain easier, and that the plaintiff disregarded the plain warnings printed on the container in large letters against the precise use that plaintiff made of it.
Finding no negligence on the part of defendants, we affirm the judgment appealed from dismissing plaintiff’s suit.

AFFIRMED.